## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

JARROD MARTIN,                          )
                                        )
    *Petitioner*,                      )
                                        )   No.: 2:13-cv-344-RLJ
v.                                      )   *Greer/Inman*
                                        )
STATE OF TENNESSEE,                     )
                                        )
    *Respondent*.                     )
                                        )

### MEMORANDUM AND ORDER

Jarrod Martin has filed what he has styled as a "Petition for Writ of Mandamus under

Tennessee Code Annotated 29-25-101 et al." (Doc. 1). Petitioner has also filed a motion for

leave to proceed *in forma pauperis*, which is **GRANTED** (Doc. 3).

In his pleading, petitioner contends that he is facing trial in the Sullivan County Criminal

Court in Case No. S60,552, and that, in connection with those proceedings, he has filed several

*pro se* pretrial motions, including motions for a fast and speedy trial, for a deposition, to cross-

examine prosecution witnesses, to dismiss the indictment, for notice of the evidence to be

introduced against him at trial, and for a severance. Petitioner argues that his public defender

attorney, Terry Jordan, refused to file those motions and, thereby, is giving petitioner ineffective

assistance of counsel. Petitioner further argues that Sullivan County Criminal Court Judge Jerry

R. Beck, will not consider the motions and that, in acquiescing in Attorney Jordan's conduct, is

violating petitioner's constitutional rights, among them, his right to a fair trial before an impartial

judge and to assist and participate in his own defense. By refusing to entertain petitioner's *pro se*

motions, Judge Beck, at the same time, is violating the cannons of judicial ethics, so petitioner charges.

Included in petitioner's submissions is a copy of an order Judge Beck entered on October 11, 2013, which states in relevant part:

> "The Defendant, after having been appointed counsel, requested to file motions pro se in this cause, and the Court denied Defendant's request based on the case of *State of Tennessee v. William Burkhart,* 541 S.W.2d 365 (Tenn. 1976) because the Defendant is currently represented by counsel." (Doc. 1, Attachment 1).

Petitioner asserts that he has exhausted all possible available remedies and requests this Court to compel the state court to entertain his *pro se* motions, so as to prevent manifest injustice and irreparable harm from happening to him.

The petition, however, must be dismissed because a federal district court has no authority to issue a writ of mandamus directing a state court or state judicial officers in the performance of their duties. *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). This is true even where the alleged wrongdoing "is anchored to alleged deprivations of federally protected ... rights." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983). Hence, although the petitioner alleges that he has been deprived of fair proceedings in the state court due to the denial of judicial consideration of his motions, this Court has no subject matter jurisdiction to grant petitioner the relief he requests.

Secondly, even if subject matter jurisdiction existed, it would be appropriate to deny the petition here. Mandamus is an extraordinary remedy justified only under circumstances "amounting to a judicial usurpation of power." *Will v. United States*, 389 U.S. 90, 95 (1967). A petitioner invoking mandamus must show he has no other adequate means of relief

2

and that his right to such relief is "clear and indisputable." *In re Ford*, 987 F.2d 334, 341 (6th Cir.1992). In this instance, petitioner has failed to meet these prerequisites. Nor can he, since he has another adequate remedy: His claims of constitutional violations may be asserted on appeal to a higher state court, assuming that he has been convicted in the trial court.

Finally, the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), would also apply. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974; *see also Juidice v. Vail*, 430 U.S. 327, 335-36 (1977) (finding that abstention is mandated whether the state court proceeding is criminal, quasi- criminal, or civil in nature as long as federal court intervention "unduly interfere(s) with the legitimate activities of the Stat(e)") (quoting *Younger*, 401 U.S. at 44). All of the factors supporting abstention are present here, and the Court will abstain from interfering in the ongoing state criminal proceedings.

Accordingly, in view of the above law and analysis, this petition will be **DISMISSED**.

Finally, after reviewing the claims under the appropriate standards in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the rulings made herein. *See id*; *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

3

A separate order of judgment will enter.

ENTER:

LEON JORDAN
UNITED STATES DISTRICT JUDGE